UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ACCESS FOR THE DISABLED, INC.,
et al.,

    Plaintiffs,

v.                               Case No. 8:11-cv-996-T-33AEP

AP HOTEL MANAGEMENT, LLC,

    Defendant.

_____/

**ORDER**

This matter is before the Court pursuant to Plaintiffs' Motion for Entry of Default Judgment and Verified Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (the "Motion for Default Judgment," Doc. # 17), filed on October 3, 2011. On October 7, 2011, Defendant AP Hotel Management filed a Motion to Set Aside Default and Response to the Motion for Default Judgment (Doc. # 19). Plaintiffs did not timely file a response to the Motion to Set Aside Default. In response to this Court's Order to Show Cause why the motion should not be considered unopposed (Doc. # 21), Plaintiffs stated that "they have no objection to the Defendant's motion being considered on the record as it now stands." (Doc. # 22).

For the reasons that follow, the Court grants the Motion to Set Aside Default and denies the Motion for Default Judgment.

I. **Procedural History**

Plaintiffs filed their complaint against AP Hotel Management in this Court on May 5, 2011, alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq., and Florida Accessability Code (FAC) (Doc. # 1). On June 20, 2011, AP Hotel Management filed a Motion to Enlarge Time to Answer, Move or Otherwise Response to the Complaint (Doc. # 8). The motion was not timely filed. Further, AP Hotel Management, a limited-liability corporation, filed the motion on its own behalf in violation of Local Rule 2.03. Nonetheless, this Court granted the motion on June 21, 2011 (Doc. # 9), giving AP Hotel Management until August 1, 2011, to obtain counsel and respond to the Complaint.

AP Hotel Management did not obtain counsel and file a response by that deadline, and Plaintiffs did not promptly apply to the Clerk for entry of default pursuant to Local Rule 1.07(b). On August 17, 2011, the Court entered an Order to Show Cause why this action should not be dismissed for failure to prosecute (Doc. # 10). Plaintiffs moved for entry of default on August 22, 2011 (Doc. # 12). The Clerk entered default against AP Hotel Management pursuant to Federal Rule of Civil Procedure 55(a) on August 23, 2011 (Doc. # 15).

Plaintiffs did not promptly move for default judgment. Therefore, on September 26, 2011, the Court entered an Order to Show Cause why this action should not be dismissed for failure to prosecute (Doc. # 16). Pursuant to the October 3, 2011, deadline set forth in the Order to Show Cause, Plaintiffs filed their Motion for Default Judgment (Doc. # 17). In the Motion for Default Judgment, Plaintiffs seek an order requiring AP Hotel Management to complete alterations necessary to make the premises comply with the ADA, and attorneys' fees, expenses and costs totaling $16,522.00.

AP Hotel Management filed a Motion to Set Aside Default and Response to the Motion for Default Judgment on October 7, 2011 (Doc. # 19). The motions are ripe for this Court's review.

**II. Analysis**

In this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003); see also Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Canada, 674 F.2d 1365, 1369 (11th Cir. 1982) (Because "this case involves a default judgment there must be strict compliance with the legal prerequisites establishing the court's power to render the

3

judgment."). Nonetheless, it is well established that a "district court has the authority to enter default judgment for failure . . . to comply with its orders or rules of procedure." <u>Wahl v. McIver</u>, 773 F.2d 1169, 1174 (11th Cir. 1985).

In addition, Rule 55(c) of the Federal Rules of Civil Procedure states that "[t]he court may set aside an entry of default for good cause." The Eleventh Circuit has noted that:

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one- but not so elastic as to be devoid substance. We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. . . . [I]f a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

<u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951-52 (11th Cir. 1996) (internal citations omitted).

In the Motion to Set Aside Default, AP Hotel Management's counsel states that the firm's *pro se* filing of a motion to extend time to respond indicates its intent to defend this case. (Doc. # 19 at ¶ 9). However, because the hotel has only a 26% occupancy rate, AP Hotel Management had difficulty

finding affordable representation. (Id. at ¶ 10). The firm's principals did not understand that default would be entered if they failed to respond, and acted promptly once default was entered. (Id. at ¶¶ 9, 12). AP Hotel Management further asserts that Plaintiffs would not be prejudiced by setting aside default because they would need only litigate their own case, and that AP Hotel Management has meritorious defenses to Plaintiffs' claims. (Id. at ¶¶ 13-14).

Upon due consideration, the Court finds that the AP Hotel Management has demonstrated good cause to support its request to set aside the default entered against it by the Clerk. The Clerk is directed to set aside the default (Doc. # 15). Because the Court has set aside the Clerk's default, the Motion for Default Judgment is denied as moot. AP Hotel Management is directed to file a responsive pleading within 30 days of the date of this Order.

The Court notes that there is a pending Motion to Withdraw filed by AP Hotel Management's counsel on November 4, 2011 (Doc. # 23). Counsel states that AP Hotel Management's Managing Members, Arun Patel and Prerana Patel, have directed them to withdraw. (Id. at ¶ 1). If the Motion is granted, AP Hotel Management will no longer be represented. AP Hotel Management is reminded that it cannot defend this case without

5

counsel. Furthermore, if a responsive pleading is not filed within 30 days of the date of this Order, AP Hotel Management will once again be subject to default.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Set Aside Default and Response to the Motion for Default Judgment (Doc. # 19) is **GRANTED.**

(2) The Clerk is directed to set aside entry of default (Doc. # 15).

(3) Plaintiffs' Motion for Entry of Default Judgment and Verified Application for Attorney's Fees, Costs, Expert Witness Fees and Litigation Expenses (Doc. # 17) is **DENIED AS MOOT.**

(4) AP Hotel Management is directed to file, through counsel, a responsive pleading on or before December 7, 2011.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>7th</u> day of November 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record