**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ACCESS FOR THE DISABLED, INC.,
a Florida not for profit corporation and
PAT KENNEDY, individually,

      Plaintiffs,

v.                                  Case No: 8:11-cv-996-T-35AEP

AP HOTEL MANAGEMENT, LLC, a
Florida limited liability corporation,

      Defendant.

_____

## <u>ORDER</u>

**THIS CAUSE** comes before the Court for consideration of the parties' Joint Stipulation for Approval and Entry of Consent Decree and Dismissal of Complaint with Prejudice (Dkt. 61) ("Joint Stipulation"), and Plaintiffs' Notice of Voluntary Dismissal as to AP Hotel Management, Inc. (Dkt. 62).   In the Joint Stipulation, Plaintiffs and Defendant Sarasota Airport Hospitality, LLC ("Sarasota Hospitality") request that the Court approve and enter Judgment on the Proposed Consent Decree and retain jurisdiction to enforce the same.  (<u>Id</u>.)   Pursuant to the Americans with Disability Act ("ADA"), the Court is authorized to enter a Consent Decree requiring a public accommodation to alter facilities to make such facilities readily accessible and usable by individuals.  42 U.S.C. § 12188(a)(2).

Under the proposed Consent Decree, Defendant stipulates and agrees, <u>inter alia</u>,

to (1) complete certain modifications and alterations to its property; (2) permit a re-inspection of the subject property by Plaintiffs on July 1, 2014; and (3) pay Plaintiffs $15,000.00.  (Dkt. 61-1 at 3-4)

In the Notice of Voluntary Dismissal, Plaintiffs seek to voluntarily dismiss the action as to Defendant AP Hotel Management, LLC, without prejudice.  (Dkt. 62)

Upon review and consideration, the Court finds that the parties' proposed Consent Decree is fair, reasonable, and tailored to achieve the remedial purposes of the ADA.  Accordingly, it is hereby **ORDERED** that

1. The parties' Joint Motion (Dkt. 25) is **GRANTED.**  The Consent Decree, attached hereto and incorporated by reference herein, is **APPROVED** by the Court.  Notwithstanding the language contained in the Consent Decree to the contrary, this Court does not retain jurisdiction to enforce its terms. To the extent that court intervention is necessary to resolve disputes concerning this agreement after the case is finally resolved, an independent basis for jurisdiction would have to be established in order for such dispute to be resolved in this Court.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

2. This case is **DISMISSED WITH PREJUDICE** as to Defendant Sarasota Hospitality.

3. This case is **DISMISSED WITHOUT PREJUDICE** as to Defendant AP

Hotel Management, LLC.

4.      The **CLERK** is directed to terminate any pending motions and **CLOSE** this

case.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of December, 2013.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ACCESS FOR THE DISABLED, INC.,
a Florida not for profit corporation and
PAT KENNEDY, individually,

      Plaintiffs,

v.                                Case No: 8:11-cv-996-T-35AEP

AP HOTEL MANAGEMENT, LLC, a
Florida limited liability corporation,

      Defendant.

_____

### CONSENT DECREE

      This Consent Decree is entered into by and between ACCESS FOR THE DISABLED, INC., a Florida Not-For-Profit Corporation, and PAT KENNEDY, Individually, (hereinafter referred to as "Plaintiffs,") and SARASOTA AIRPORT HOSPITALITY, LLC., on the date last executed below.

      Plaintiffs fully understand and agree that this Consent Decree includes but is not limited to any and all claims or damages allegedly attributable to the Defendant, including compensatory and punitive damages, attorneys' fees, actions and causes of actions alleged or which could have been alleged or brought under the laws, codes and statutes of any and all state, federal, foreign, local or territorial jurisdictions. Further, this Consent Decree extends and applies to and also covers and includes any unknown, unforeseen, damages, including compensatory and punitive damages, losses and liabilities and the consequences thereof. Plaintiffs fully understand and agree that this Consent Decree includes, but is not limited to, a resolution of all claims and potential claims for attorneys' fees and costs. Plaintiffs understand and agree that the payment of the aforedescribed consideration is not to be construed as an admission of liability on the part of any and all parties and entities hereby released, all of whom expressly deny same.

      After extensive review, the parties have determined that the remedial measures agreed to herein constitute all readily achievable measures to bring Defendant into compliance with the Americans With Disabilities Act. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions:

      1.    All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the re-inspection date set forth below, unless a different completion date is otherwise stated herein. A final property re-

4

inspection conducted by Plaintiffs will take place on or after July 1, 2014 to ensure that the modifications to the subject property required below for barrier removal have been completed. Plaintiffs' counsel, expert(s) and/or representatives shall be provided access to the building to conduct a re-inspection and to verify commencement, progress and completion of the work required hereby. In any event, Defendant or its counsel, shall notify Plaintiffs' counsel by Federal Express Mail when all improvements contemplated herein are completed. In the event of non-compliance with the terms and conditions of this Decree, Plaintiffs shall be entitled to immediate injunctive relief.

2.   When all issues are resolved between the parties, the parties hereby agree that this Court retains jurisdiction to enforce, as necessary, the terms of this Decree. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorney's fees and costs.

3.   This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

4.   The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

5.   WHEREAS Plaintiffs, for and in consideration of the sum of fifteen thousand dollars and zero cents ($15,000.00), received from Sarasota Airport Hospitality, LLC and its insurers (hereinafter referred to as "Defendant"), do hereby remise, release, acquit and forever discharge the Defendant, its agents, representatives, attorneys, insurers, counsel for insurers, successors, employees, owners, officers, directors, administrators, and incorporators, from any and all causes of action, suits, debts, dues, damages, including compensatory and punitive damages, sums of money, accounts, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, claims and demands of whatsoever kind or nature, in law or in equity, which said Plaintiffs ever had, now have, or which any personal representative, agent, successor, family member, heir or assign of said Plaintiffs now have or may hereinafter acquire against said Defendant.

This Consent Decree is to include, but not be limited to, all claims and causes of action which could be or have been alleged against Defendant and the other released parties herein, arising out of claims against the

Defendant in the case styled: <u>Access for the Disabled and Pat Kennedy v.</u> <u>Sarasota Airport Hospitality, LLC</u>, Case No: Case No: 8:11-cv-996, currently pending in the United States District Court for the Middle District of Florida (hereinafter "Litigation"). This Release is limited to the subject property.

   a. Upon the execution of this Consent Decree, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action under the Litigation with respect to the Americans With Disabilities Act.

   b. Upon receipt of this Consent Decree, fully executed by Plaintiffs, and within twenty (20) business days from the date of receipt of the executed Decree, Defendant shall make one payment of Fifteen Thousand Dollars and Zero Cents ($15,000.00) made payable to: "Thomas B. Bacon, Trust Account" in consideration of the dismissal of this action.

6. All references to the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") refer to the following: 28 CFR Chapter 1 Part 36, App. A. – ADAAG

7. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG.

8. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page.

9. The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

11. The Defendant agrees to bring its property into full compliance with the ADA by no later than July 1, 2014. The Defendant will specifically eliminate the barriers to access described in the report prepared by The Compliance Group, Inc., dated July 8, 2013, attached hereto as **"Exhibit A."**

The Plaintiffs hereby declare that the terms of this Decree have been completely read and are fully understood and voluntarily accepted for the purposes of making a full and final compromise, adjustment and settlement of any and all claims, disputes or otherwise, which could be or have been alleged against the Defendant and the other released parties herein, arising out of claims alleged in the Litigation.

Plaintiffs acknowledge that they have had a full opportunity to read the contents of this Consent Decree and have had the benefit of counsel in reviewing said Consent Decree. This agreement has been negotiated by Plaintiffs. Plaintiffs warrant, represent, and agree that Plaintiffs have relied upon the advice of their attorneys, who are the attorneys of their own choice, concerning the legal and income tax consequences of this Consent Decree. Accordingly, Plaintiffs hereby release and forever hold harmless Defendant of any claim, cause of action, or other right of any kind that Plaintiffs may assert because of legal, income tax, or other consequences of this Decree not anticipated by the Plaintiffs.

Said Plaintiffs acknowledge and agree that no promise or agreement not herein expressed has been made, and that this Consent Decree constitutes the entire agreement between the parties hereto, and that the terms of this Consent Decree are contractual and not a mere recital, and that there is no agreement or compromise on the part of the parties to do any act or thing not herein mentioned.

Plaintiffs declare, covenant and warrant that they are over the age of eighteen (18) years, and that they are not suffering from any legal, mental or physical disabilities which would impair or disable them from executing this Decree and that there have been no representations and/or statements made by the parties hereto or their agents, insurers, employees, or representatives to influence them in making or executing this Decree.

If any section or part of this Consent Decree is held to be invalid by a court of law, the remaining portions of this decree shall continue to be in full force and effect.

This Consent Decree may be executed in counterparts, each of which, when read together with the signatures of those parties signing other counterparts, shall be deemed a complete original copy. Delivery of an executed counterpart of a signature page to this Consent Decree via facsimile or email shall be effective as delivery of a manually executed counterpart of this Consent Decree.

[the remaining portion of the page left intentionally blank]

7

**IN WITNESS WHEREOF,** we have hereunto set our hands and seals this

_____day of _____, 2013.

IN THE PRESENCE OF:

_____       _____

**WITNESS**             Pat Kennedy


STATE OF _____ )

                      )     SS:

COUNTY OF _____ )

Sworn to and subscribed before me this ___day of _____, 2013, by _____,
who are personally known to me or who have produced as identification
_____.

                               _____

                               NOTARY PUBLIC

                               TYPED NAME:_____

                               COMMISSION EXPIRES:_____

                               COMMISSION

                               NO.:_____

**IN WITNESS WHEREOF,** we have hereunto set our hands and seals this

_____day of _____, 2013.

IN THE PRESENCE OF:

_____        _____

WITNESS                              Access for the Disabled

STATE OF _____)

                          )    SS:

COUNTY OF _____ )

Sworn to and subscribed before me this ___day of _____, 2013, by _____,
who are personally known to me or who have produced as identification
_____.

                                   _____

                                   NOTARY PUBLIC

                                   TYPED NAME:_____

                                   COMMISSION EXPIRES:_____

                                   COMMISSION

                                   NO.:_____

**IN WITNESS WHEREOF,** we have hereunto set our hands and seals this

~7th~ day of November , 2013.

IN THE PRESENCE OF:

Eliranettlddude
WITNESS Elizaneth Maldenado     Sarasota Airport Hospitality LLC

STATE OF Florida )

) SS:

COUNTY OF manatee )

Sworn to and subscribed before me this ~7th~ day of Nov. , 2013, by Kevin R. Bowden
who are personally known to me or who have produced as identification
ME DL 7826180 exp 031065 .

Eliantt Valducal
NOTARY PUBLIC

ELIZANETH MALDONADO
Notary Public, State of Florida
Commission# DD963286
My comm. expires Feb. 21, 2014

TYPED NAME: Elizaneth Maldonado
COMMISSION EXPIRES: Feb 21 2014

COMMISSION
NO.: DD963286

**IN WITNESS WHEREOF,** we have hereunto set our hands and seals this

28 day of October , 2013.

IN THE PRESENCE OF:

_____          _____
WITNESS                                          Pat Kennedy

STATE OF Florida )
                          )   SS:
COUNTY OF Broward )

Sworn to and subscribed before me this 28th day of October, 2013, by
who are personally known to me or who have produced as identification
FL Driver License .

NICOLE CICERO
Notary Public - State of Florida
My Comm. Expires Sep 14, 2015
Commission # EE 130332

_____
NOTARY PUBLIC

TYPED NAME: Nicole Cicero

COMMISSION EXPIRES: Sept 14 2013

COMMISSION
NO.: 130332

11